[Civ. No. 2132. Third Appellate District—February 24, 1920.]

## THE COUNTY OF MODOC, Petitioner, v. T. H. BALLARD, as Auditor, etc., Respondent.

[1] HIGHWAYS—ISSUANCE OF BONDS UNDER COUNTY HIGHWAY COMMISSION ACT—NOTICE OF ELECTION—SECTION 4088, CODE OF CIVIL PROCEDURE, APPLICABLE.—The provisions of section 4088 of the Political Code in reference to the calling of elections for bond issues are applicable to an election called in pursuance of section 7 of the County Highway Commission Act of 1907.

[2] ID.—DESCRIPTION OF HIGHWAYS IN NOTICE OF ELECTION—ALTERNATIVE METHOD CONTAINED IN PROVISO TO SECTION 7 OF ACT.—The proviso contained in section 7 of the County Highway Commission Act of 1907 "that it shall be sufficient to set forth the purpose of the bond issue in said proceedings by describing the highways to be improved as the same are described in said report of the highway commission" does not require the notice of election to contain anything else than what is required by section 4088 of the Political Code, but, at most, merely provides an alternative method for identifying the bonds in said notice.

APPLICATION for a Writ of Mandate to compel a county auditor to attest certain bonds. Peremptory writ issued.

The facts are stated in the opinion of the court.

Lilienthal, McKinstry, Raymond, Haber & Firebaugh. for Petitioner.

C. S. Baldwin for Respondent.

NICOL, P. J., *pro tem.*—This is an application by the county of Modoc for a writ of mandate to compel the respondent, as auditor of said county, to attest certain bonds of the county amounting to four hundred thousand dollars. His refusal to attest the bonds is for the alleged reason that the election, at which the issue of the bonds were authorized, was not called in conformity to the provisions of section 7 of the act of the legislature of March 19, 1907, and acts amendatory thereof, commonly called the County Highway Commission Act. (Deering's General Laws of California, 1915 ed., p. 516.)

The specific ground of his refusal to attest the bonds is set forth in a notice to the board of supervisors of said county, in which he alleges that the notice of election was defective in that it "did not describe the highways to be constructed and repaired with the proceeds of such bonds, as required by section 7 of said statute; but on the contrary, said notice merely referred to such highways of the county, as embodied in the report and delineated on the map prepared by the County Highway Commission, which said report and map have been accepted and approved by the said board of supervisors on the twenty-sixth day of May, 1919."

In view of the respondent's objection, it is necessary to consider certain provisions of the act of March 19, 1907, in connection with certain provisions of section 4088 of the Political Code. This section of the Political Code is the general law as to the issue, sale, and payment of county bonds, for all purposes for which a county may issue the same, including bonds "for the purpose of building or constructing roads, bridges or highways."

To institute a bond issue under the provisions of this section the board of supervisors must by order specify the purpose for which the indebtedness is to be incurred, the amount of bonds which they propose to issue, the rate of interest, the number of years, not exceeding forty, the whole or any part of the bonds are to run, and shall further pro-

vide for submitting the question of the issuance of said bonds to the electors of the county at the next general election, or at a special election to be called for that purpose.

The section further provides that the notice of election "must contain the time and place or places of holding such election, the names of election officers to conduct the same, the amount and denomination of the bonds, the rate of interest to be paid, and the number of years, not exceeding forty, the whole or any part of such bonds are to run."

The said section does not provide that the notice of election shall contain any particular statement of the purpose of the bond issue. The provision of this section as to a statement of the purpose for which the indebtedness is to be incurred is that the board of supervisors shall specify such purpose in the original initial order.

Section 1 of the act of March 19, 1907, provides that upon receipt of a freeholders' petition the board of supervisors may appoint a highway commission, and section 6 of said act provides that, after ascertaining what improvements should be made and the estimated cost thereof proposed to be covered by a bond issue, the commission shall make and file with the board of supervisors a report setting forth the highways proposed to be improved, by their termini, describing generally the kind of improvements to be made thereon, and stating the estimated cost of the work to be done, and the amount to be raised by bonds therefor, and praying the board of supervisors to call a bond election for the issuance of bonds for the estimated amount.

All of the foregoing was done by the board of supervisors of Modoc County, and in the report filed by the highway commission and adopted by the board the proposed roads to be improved and constructed were described by their proposed termini, and a map was filed by the commission and approved by the board of supervisors on which is delineated the proposed highways.

Section 7 of said act of March 19, 1907, provides as follows: "If the board approve the report they shall adopt the same, and shall without delay call an election to determine whether bonds of the county shall be issued in the amount recommended by the commission, for the purposes stated in their report. Said election shall be called and

held and said bonds issued, sold and paid under and in
accordance with all the provisions of law now or hereafter
existing in regard to the issuance, sale and payment of
county bonds, and all proceedings had in regard to such
bonds shall be in accordance with such provisions of law;
. . . and provided further, that it shall be sufficient to set
forth the purpose of the bond issue in said proceedings by
describing the highways to be improved as the same are
described in said report of the highway commission. . . . ''

The supervisors, as before stated, did approve the report
of the commission and did call an election to be held on
July 1, 1919, to determine whether bonds of the county
should issue to the amount of four hundred thousand dollars,
as recommended by the highway commission for the purposes
stated in said report.

The notice of election was duly published and no objection
is made to the sufficiency of the notice, except the objection
before stated that it is defective in that it ''did not describe
the highways to be constructed and repaired with the pro-
ceeds of such bonds as required by section 7 of the act of
March 19, 1907,'' etc.

[1] Section 7 of the act of March 19, 1907, provides that
the election ''shall be called and held and said bonds issued,
sold and paid under and in accordance with all the pro-
visions of law now or hereafter existing in regard to the
issuance, sale and payment of county bonds, and all pro-
ceedings had in regard to such bonds shall be in accordance
with such provisions of law.'' The effect of this language
is to make the provisions of section 4088 of the Political
Code in reference to the calling of elections for bond issues,
applicable to an election called under the provisions of sec-
tion 7 of the act of March 19, 1907. In other words, the
provisions of section 4088 of the Political Code as to the
notice to be given of such election and its contents are
applicable to an election called in pursuance of section 7
of the act of March 19, 1907.

[2] The respondent bases his objection to the sufficiency
of the notice upon the second or concluding proviso of sec-
tion 7 of said act, which is as follows: ''provided further,
that it shall be sufficient to set forth the purpose of the
bond issue in said proceedings by describing the highways

to be improved as the same are described in said report of the highway commission."

This proviso does not provide that the purpose of the bond issue must be set forth in the notice of election by "describing the highways to be improved as the same are described in said report of the highway commission." It contains merely a general statement that it shall be "sufficient" to set forth the purpose of the bond issue by describing the highways, and there is nothing contained in said proviso requiring the notice of election to contain anything else than what is required by section 4088 of the Political Code. As before stated, section 7 of the act of March 19, 1907, expressly provides that the election shall be called in accordance with all the provisions of law existing in regard to the issuance of county bonds, and such provisions, as stated above, provide for the contents of the notice of election, and do not require that such notice shall contain a statement of the purpose of the bond issue.

Conceding that the concluding proviso of section 7 of said act does apply to the notice of election of a highway bond issue, it follows merely that an alternative method is provided for identifying the bonds in said notice. By such alternative method the notice of election would be sufficient if it described the roads to be constructed and repaired as they are described in the report of the highway commission, but it is nowhere provided that such alternative method must be taken, and there is nothing in said proviso that militates in the least against the proceedings as followed by Modoc County in this matter.

The demurrer interposed by the respondent to the petition is hereby overruled, and it is ordered that the peremptory writ of mandate prayed for be issued.

Burnett, J., and Hart, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 16, 1920.

All the Justices concurred.